**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JAVIER MATA-VEGA,

     Petitioner,

v.

                                         Case No. 2:26-cv-01260-MIS-GBW

DORA CASTRO, Warden of the Otero
County Prison Facility; MARY DE ANDA-
YBARRA, El Paso Field Office Director,
Enforcement and Removal Operations, U.S.
Immigration and Customs Enforcement;
TODD LYONS, Acting Director of U.S.
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security; and
TODD BLANCHE, Acting U.S. Attorney
General,

     Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Javier Mata-Vega's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed April 22, 2026. Petitioner is a citizen of Mexico who entered the United States by foot on June 6, 2006. See Form I-213 Narrative (Oct. 20, 2013), ECF No, 1 at 11. On October 20, 2013, he as arrested by Border Patrol Agents, found to be "an alien present in the United States who has not been admitted or paroled[,]" placed in removal proceedings under Section 240 of the Immigration and Nationality Act, issued a Notice to Appear, and ordered released on his own recognizance. See id.; Notice to Appear, ECF No. 1 at 12; Order of Release on Recognizance, ECF No. 1 at 13. On August 24, 2021, an immigration judge entered an order administratively closing his removal proceedings. ECF No. 1 at 16-17.

1

Despite complying with all of his immigration responsibilities, on February 11, 2026, Petitioner was arrested when he appeared at a regularly scheduled appointment with the Immigration and Customs Enforcement Intensive Supervision Appearance Program. Pet. at 2. He has been detained at the Otero County Processing Center ever since. See id. On April 22, 2026, Petitioner filed the instant Petition seeking immediate release. Id. at 8.

On April 23, 2026, the Court issued an Order to Show Cause, ECF No. 4, which instructs Respondents to answer the Petition and show cause why it should not be granted within ten business days. Id. The Order instructs Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings." Id.

On May 7, 2026, the Federal Respondents filed a Response to the Petition. ECF No. 6. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, Case No. 2:26-cv-00019-MIS-JFR, 2026 U.S. Dist. LEXIS 20895 (D.N.M. Feb. 2, 2026) and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Id. at 2-3. However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b). Id. at 2.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No.

2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 6. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Javier Mata-Vega from custody/detention;

3. Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3